**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51212**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 4, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ROBERT GENE ASHWOOD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>; order relinquishing jurisdiction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Robert Gene Ashwood pled guilty to an amended charge of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Ashwood to a unified term of seven years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Ashwood was sent to participate in the rider program. After Ashwood completed his rider, the district court followed the Department of Correction's recommendation to relinquish jurisdiction. On appeal,

1

Ashwood argues that his sentence is excessive and that the district court erred by relinquishing jurisdiction instead of placing him on probation.

Ashwood contends that his sentence is excessive and constitutes an abuse of discretion. Sentencing is a matter for the trial court's discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is also a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing sentence or relinquishing jurisdiction. Ashwood's judgment of conviction and sentence and the order of the district court relinquishing jurisdiction are affirmed.